### DAMAGES ON AN INJUNCTION BOND.

Circuit Court of Erie County.

ED. H. ZURHORST V. C. A. JUDSON ET AL.

Decided, September 27, 1912.

*Judgment for Damages on an Injunction Bond—Can Not be Supplemented by a Second Judgment on a Second Bond, Unless Separate Damages are Shown.*

Where bond is given by a plaintiff in the common pleas court in an injunction proceeding, and judgment having been rendered against him a second bond is executed on appeal to the upper court where a like judgment against plaintiff was rendered, and thereafter an action was brought by the defendant on the first bond and judgment recovered for the full amount named therein, and a second suit is then brought on the bond executed in the upper court, it will be presumed that all damages sustained were suffered before the first action was brought and were assessed by the jury in that action, and the burden being on plaintiff to show separate damages under the second bond and no such damages being shown, a judgment for five cents in the action on the second bond will be affirmed.

*H. C. DeRan*, for plaintiff in error.
*H. L. Peeke*, contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Common Pleas Court of Erie County.

This is a proceeding in error to reverse the judgment of the court of common pleas. The defendants in error filed a cross-petition in error. In the year 1905, Judson brought suit against Zurhorst for the purpose of enjoining him from circulating a certain pamphlet entitled ''A Biographical Sketch of a Few Short Skate Politicians.'' A temporary injunction was granted in the court of common pleas upon the execution of a bond in the sum of one hundred dollars. On the trial of that case in the common pleas court, judgment was rendered in favor of Zurhorst. Thereupon Judson appealed the case to the circuit court, in which court one of the judges granted a temporary injunction upon the execution of an injunction bond in the sum of $250. The circuit court on the trial of the case found in favor of Zurhorst, which judgment was affirmed by the Supreme Court. Thereafter Zurhorst brought an action in the Common Pleas Court of Erie County on the $100 injunction bond given in the court of common pleas, and recovered a verdict and judgment on said bond in the amount of $100, which judgment was affirmed by this court.

The present action was brought in the court of common pleas by Zurhorst upon the $250 bond given in the circuit court. In the court of common pleas, in this last case, a jury was waived and the court found the issues with the plaintiff and assessed the amount of his recovery at five cents, and ordered that each party should pay his own costs.

The bill of exceptions contains all the evidence offered on the trial, and includes also the evidence which was offered on the trial of the action brought upon the $100 bond. It appears from the evidence that in the action on the first bond the plaintiff introduced evidence tending to show all of the damages sustained by him, not only in the common pleas court but in the circuit court and in the Supreme Court, and it is insisted by counsel for the defendants in error that the adjudication in that case is conclusive upon the rights of the plaintiff that he was entitled to recover the sum of $100 and no more, and that said amount is the entire damage suffered by him.

It may be somewhat difficult to state any sufficient reason why this contention is not well taken. Clearly all damages which the plaintiff had suffered were incurred before that action was brought, and may have been found and assessed by the jury in that action, and for aught that appears all damages suffered were assessed in that action.

The burden of proof rests on the plaintiff to show any separate damages suffered by him after the execution of the bond in the circuit court, but the evidence gives the amount of damages in a lump sum, so that the trial court was not furnished with evidence which would enable it to ascertain any amount of damages recoverable under the second bond, if there were such damages.

We find no error in this case to the prejudice of the plaintiff in error.

So far as the cross-petition of the defendants in error is concerned the amount adjudicated against them is the nominal sum of 5 cents, and the costs made by them amounting to some two or three dollars, a sum which would be too trifling to justify the court in reversing the case and remanding it for further proceedings by reason of that portion of the judgment.

We affirm the judgment on the ground that on the whole, substantial justice has been done by the trial in the court of common pleas.